## THE PEOPLE *a.* KANE.

*Supreme Court, Second District ; General Term, Dec.,* 1861.

SEDUCTION UNDER PROMISE OF MARRIAGE.—CHASTE CHARACTER.—
BURDEN OF PROOF

On an indictment for seduction under promise of marriage, under the Laws of 1848, ch. 111,—which constitutes such an act a misdemeanor,—although an express promise on the part of the defendant ought to be proved, it is not necessary that there should be proof of an express promise on the part of the person seduced, in order to support defendant's promise. A promise on her part, if necessary at all, may be inferred from circumstances.

*It seems,* that a promise on the part of the defendant alone, if express, is enough to sustain a conviction.

On an indictment for seduction under promise of marriage, the previous chaste character of the complainant is presumed until evidence impeaching it is produced.

Certiorari to review a trial and conviction.

The defendant was tried in the Kings County Court of Sessions, Hon. Samuel Garrison, County Judge, presiding, on an indictment for seduction under promise of marriage.

After the testimony had been closed on both sides, defendant requested the court to charge, that to convict the prisoner of the offence charged, there must have been a promise of marriage, and that such promise must have been a legal promise, viz., a mutual promise; which the court declined to do, but charged that the promise need not be mutual, but that the jury could not convict unless they found, from the testimony, that the complaining witness consented to and was induced to have intercourse, by reason of a subsisting promise of marriage; that they must find whether she was seduced under the promise of marriage, or otherwise, to which refusal and charge prisoner excepted. Defendant also requested the court to charge that the prosecution were bound, affirmatively, to prove the previous chaste character of the complainant, which the court declined to do, but charged the jury that no such proof on the part of the prosecution was requisite, but that previous chaste character was presumed, though defendant might attack it and show to the contrary if he could, to which refusal and charge the prisoner excepted. The jury rendered a verdict of guilty, and the defendant was thereupon sentenced by the court to imprisonment in the penitentiary for one year.

The prisoner's counsel prepared a bill of exceptions, and obtained a writ of certiorari, returnable at general term of the Supreme Court.

*Winchester Britton,* for the prisoner, relied upon the exceptions taken to the charge of the county judge.

*John Winslow,* district-attorney for the People.—I. It is only necessary to allege in the indictment, that in the terms of the

statute, the defendant did seduce, and have illicit connection with the prosecutrix, " under a promise of marriage" (People *a*. Taylor, 3 *Den.*, 91); and the proof need go no further in this respect than to sustain the allegation of the indictment. (Crozier *a*. The People, 1 *Park. Cr.*, 453.)

II. The court charged correctly, in leaving to the jury to find whether the seduction occurred under a promise of marriage, or otherwise. The court left it to the jury to say whether the prosecutrix yielded to the solicitations of the seducer, in consequence of his promise to marry her. Such promise, on the part of the female, would be implied, if she yielded to the solicitations of the seducer, in consequence of his promise to marry her. Her assent to his promise of marriage completes the contract, and makes it mutual. (Crozier *a*. The People, *supra; Exodus* xxii., 16.)

III. It would be absurd to say that the prosecutrix could be influenced by a promise of marriage which she herself had not assented to. The jury having found that she was thus influenced when the illicit connection occurred, must have found also that she assented to the promise. The former includes the latter.

IV. The previous chaste character of the prosecutrix is presumed; the defendant might attack it if he could. (People *a*. Safford, 1 *Park. Cr.*, 474; Crozier *a*. People, *Ib.*, 453.) Good character is to be presumed of parties, witnesses, &c., until the contrary is shown. Chastity is to be presumed.

BY THE COURT.*—BROWN, J.—Promises to marry, seldom, if ever, rest upon considerations pecuniary in their nature, and a consideration is quite as necessary to support such promise as it is to support any other. From the very nature of the marriage contract, the promises are mutual, and the one thus becomes the consideration for the other.

In an action by a female to recover damages for a breach of a promise to marry, it never was deemed indispensable for her to prove an express promise on her part, in order to make out a consideration; but such promise will be inferred from the circumstances which usually attend upon the conduct and demeanor of the parties towards each other. In short, the con-

* Present, EMOTT, P. J., BROWN and SCHRUGHAM, JJ.

sideration must be stated in the pleadings, but it need not be expressly proved, but may be inferred and implied.

Upon the trial of this indictment against Joseph Kane, for seduction under a promise of marriage, the court was asked by the counsel for the prisoner to charge the jury, "that to convict the prisoner, there must have been a legal promise of marriage; that is, a mutual promise," which the court declined to do, but charged, "that the promise need not be mutual;" but the jury could not convict unless they found from the testimony that the complaining witness consented to and was induced to have intercourse by reason of a subsisting promise of marriage, and they must find whether she was seduced under promise of marriage, or otherwise.

To this there was an exception. To convict under this statute the prosecutor must, I think, prove an express promise by the prisoner. And I am inclined to think, that when the testimony shows a seduction accomplished by means of such a promise, it is enough, and without any thing further, will justify a verdict of guilty.

The statute means a promise to marry, and does not demand that it be a promise upheld by a corresponding promise to marry by the person seduced.

Be that as it may, however, it is not material to the decision of this exception.

What the court was asked to charge, by the prisoner's counsel, was, that there must have been an express promise by the person seduced, in order to support the promise made by the prisoner, and that was what the court declined to do. But the court did not say that the jury might not have inferred the promise on the part of the complainant, from her assent to the intercourse. In a civil action the evidence would have been abundantly sufficient for that purpose.

I think the exception was not well taken.

The prosecution was not bound to prove the previous chaste character of the complainant. This was to be presumed until it was damaged by evidence impeaching it.

The judgment should be affirmed, with the usual direction that the prisoner be committed under the sentence pronounced by the Court of Sessions.